**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CORT THOMAS, as the Receiver for Carnegie Development, LLC, et al, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-cv-00612-X |
| | § | |
| HAOQIANG FU (A/K/A MICHAEL FU), et al., | § | |
| | § | |
| Defendants. | § | |

**RECEIVER'S MOTION TO STAY**
**OR ABATE AND BRIEF IN SUPPORT**

Cort Thomas, Receiver, (the "Receiver") moves the court to stay or abate this lawsuit pending disposition of Appeal No. 23-11237 (the "Appeal") and in support, respectfully shows the Court as follows:

**SUMMARY**

Pursuant to two orders issued in *SEC v. Barton*, *et al*., Cause No. 3:22-CV-02188-X, pending in the United States District Court for the Northern District of Texas, (the "Underlying Lawsuit"), the Receiver was appointed to assume possession and control over all assets and operations of various "Receivership Entities" (as defined below). The Receivership Entities' assets include the claims asserted in this lawsuit. Because a defendant in the Underlying Lawsuit has appealed the Receivership Order, the Receiver requests that this Court stay this case, which was filed to preserve limitations, until the Fifth Circuit resolves the Appeal.

**FACTUAL SUMMARY**

1. As described in the Complaint, Dkt. 1, on October 18, 2022 in the Underlying Lawsuit and pursuant to the SEC's motion, Cort Thomas was appointed as Receiver for various

"Receivership Entities." On November 29, 2023 following an additional motion, briefing, and an evidentiary hearing, Mr. Thomas was reappointed as Receiver, pursuant to a new Receivership Order (the "Receivership Order"), for a substituted set of Receivership Entities.

2. Pursuant to the Receivership Order, the Receiver holds the attorney-client privilege for all Receivership Entities. Dkt. 417, ¶ 46.

3. Standing in the shoes of the Receivership Entities over whose assets he was directed to assume possession and control, the Receiver filed this lawsuit against former attorneys for various Receivership Entities to recover fraudulent transfers and damages arising from professional negligence.

4. The Court's jurisdiction over this case is premised on ancillary jurisdiction arising from the Court's exercise of jurisdiction over the Receivership Entities and their assets, as well as the Court's appointment of the Receiver.

5. Any damages recovered through this lawsuit are, like the claims asserted, Receivership Assets, which will be distributed to investors and creditor claimants, as permitted through a claims process to be established in the Underlying Lawsuit. Fees incurred in connection with the lawsuit will be included in the Receiver's fee applications submitted in the Underlying Lawsuit, and thus paid, if permitted, from Receivership Assets.

6. Barton's appeal of the Receivership Order, by which he challenges the propriety of the Receiver's appointment as well as inclusion of most Receivership Entities within the scope of the Receivership Estate, is pending. Although Barton's Appellant's brief was initially due on March 5, 2024, he obtained an extension and his brief is now due April 4, 2024, with the SEC's Appellee's brief due thirty days later. As with the appeal of the Initial Receivership Order, because

the Appeal addresses an interlocutory order, the Receiver believes the Fifth Circuit is likely to expedite resolution with a ruling probable before the end of the year, if not earlier.

7. To preserve judicial and Receivership Estate assets while the Appeal is pending, the Receiver requests that the Court stay this lawsuit, and all incidental deadlines, including the deadlines to obtain service as required by Rule 4(m)[1], until the Appeal is resolved.

## ARGUMENT

### A. The Court Should Stay This Proceeding Until the Appeal is Resolved.

#### 1. Legal Standard

This Court has "inherent equitable authority to issue a variety of 'ancillary relief' measures in actions brought by the SEC to enforce the federal securities laws." *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372 (5th Cir. 1982) (quoting *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980)); *see also SEC. v. Provident Royalties, L.L.C.*, No. 3:09-CV-1238-L, 2011 WL 2678840, at *2 (N.D. Tex. July 7, 2011) (same). That "broad authority" extends to issuing, or making exceptions to, "orders preventing interference with its administration of the receivership property, such as orders imposing blanket stays of litigation." *SEC v. Provident Royalties, L.L.C.*, 2011 WL 2678840, at *2 (citing *Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 (5th Cir. 1985)). Stays in receivership matters serve as additional tools furthering the goals of the receivership. *SEC v. Byers*, 609 F.3d 87, 92 (2d Cir. 2010). Such stays are intended to protect receivership assets and defrauded investors and serve "considerations of judicial economy." *SEC v. Vescor Cap. Corp.*, 599 F.3d 1189, 1197 (10th Cir. 2010).

---

[1] "**Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

Similarly, outside of the receivership context, district courts possess inherent power to control their dockets, including the power to stay proceedings before the court. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Exercise of the Court's discretion regarding a stay, "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). The competing interests include hardship or inequity inherent in pressing forward, any potential injury to other parties, and a reasonable duration of the stay premised on the expected time for resolution of the "other" case. *Id.*; *see also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

**2. Staying the Case Will Preserve Receivership and Judicial Assets Without Causing Prejudice to Any Party**

While the Receiver does not believe that the Appeal will be successful, it does present a risk of another modification to the Receivership Order, which could alter the Receiver's standing in this case. Moreover, resolution of the claims in this lawsuit, at least against one defendant, may also implicate attorney-client privilege issues. These issues will be fact-intensive and thus laborious for the parties and the Court. Additionally, Receivership Assets are also preserved by staying the case so that fees are not expended in connection with the case, until the Appeal concludes.

In comparison, a stay causes no hardship on any defendant and none of the defendants will be harmed by a stay. Further, staying this case until resolution of the Appeal increases the possibility of a settlement. While the Appeal is pending, however, defendants are likely to resist any voluntary resolution of this lawsuit.

Finally, the stay will be only for a limited duration—until the Appeal is resolved. In the first appeal of the Initial Receivership Order, less than six months passed between the filing of the Appellant's initial brief and the Fifth Circuit issuing its opinion. Appellant's initial brief is due on April 4, 2024.

Accordingly, staying this case will serve the interests of judicial economy, preserve Receivership Assets, and minimize the risk of any alteration to the Receiver's standing. *See Scott v. Bayer Corp.*, No. CIV.A. 03-2888, 2004 WL 63978, at *2 (E.D. La. Jan. 12, 2004).

WHEREFORE, PREMISES CONSIDERED, the Receiver prays that the Court stay this case in all respects, until the Fifth Circuit rules in the Appeal, and requests such other and further relief to which he may show himself entitled.

Respectfully submitted,

By: */s/ Charlene C. Koonce*

Charlene C. Koonce
State Bar No. 11672850
charlene@brownfoxlaw.com
C. Alan Carrillo
State Bar No. 24109693
alan@brownfoxlaw.com
Timothy B. Wells
Texas Bar No. 24131941
tim@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
T: (214) 327-5000
F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

**CERTIFICATE OF CONFERENCE**

No party has appeared, nor has the Receiver served any party in this case. Therefore, the Receiver did not confer with any other parties before filing this Motion.

*/s/ Charlene C. Koonce*
Charlene C. Koonce

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

*/s/ Charlene C. Koonce*
Charlene C. Koonce