IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CORT THOMAS, as the Receiver for Carnegie Development, LLC, et al.,** | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. 3:25-cv-00946-X |
| **VICTORIA L. BARTON, V STRATEGIES, LLC, MAXIMILIEN E. BARTON, MARTINE G. BARTON,** | § § § § § | |
| *Defendants*. | § § | |

### NOTICE OF DISMISSAL PURSUANT TO RULE 41(a)(1)(A)(i)

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff Cort Thomas, as the Receiver for Carnegie Development, LLC, *et al.* ("Receiver") hereby provides notice to the Court that he **DISMISSES, WITHOUT PREJUDICE**, his claims solely against Defendant Martine G. Barton, effectively immediately upon filing this Notice. Martine Barton has not been served or filed an answer.

As with other defendants named in this and similar lawsuits, based on evidence he was able to obtain before the statute of limitations expired and despite Tim Barton's contempt in refusing to provide information and documents as ordered in the Receivership Order, the Receiver asserted fraudulent transfer and related claims against Martine Barton. The evidence supporting those claims included bank records reflecting payments made to or for the benefit of Ms. Barton based on a credit card in her name.

Immediately after filing the lawsuit, which again sought to preserve the claims before the limitations period expired, but in view of the then-pending appeal of the Receivership Order, the Receiver moved the Court for a stay of the lawsuit, and the Court granted the motion to stay. Since

1

filing the lawsuit nearly 15 months ago,[1] the Receiver discovered additional evidence indicating that the Transfers attributed to Martine Barton were instead made to or for the benefit of Tim Barton. More specifically, Martine Barton provided the Receiver a declaration stating that she did not receive any funds or financial benefits from any of the Receivership Entities (defined in the Receivership Case). The Receiver has also obtained additional financial records that suggest the Transfers reflected in the bank statements attributed to Martine Barton were made to or for the benefit of Tim Barton and one or more of the Receivership Entities he controlled.

The Receiver reserves his right to refile claims against Martine Barton should additional evidence be discovered that her Declaration was false or that she received assets or a financial benefit from the Receivership Entities.

---

[1] The Receiver filed a fraudulent transfer lawsuit against multiple defendants, including Martine Barton, Victoria Barton, and Maximillien Barton, in *Thomas v. Fu et al.*, Cause No. 3:24-cv-00612-X (the "Fraudulent Transfer Lawsuit") as part of his duties as Receiver in the Underlying Case, *SEC v. Barton, et al.*, Cause No. 3:22-CV-02188-X (the "Receivership Case"). Based on a motion to lift stay and sever claims, the Court lifted the stay in the Fraudulent Transfer Lawsuit and severed the claims against Martine, Victoria, and Maximillien, which were assigned the cause number reflected above.

Respectfully submitted,

By: */s/ Charlene C. Koonce*
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    C. Alan Carrillo
     State Bar No. 24109693
     alan@brownfoxlaw.com
    Timothy B. Wells
     Texas Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    T: (214) 327-5000
    F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## **CERTIFICATE OF SERVICE**

Pursuant to FED. R. CIV. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

                        */s/ Charlene C. Koonce*
                        Charlene C. Koonce